UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XAVIER LUMAR J'WEIAL,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, ET AL.,<br><br>Defendants. | No.  2:21-cv-00712-WBS DB P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. This matter was referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). Defendant Lizarraga's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is before the court. (ECF No. 33.) For the reasons set forth below, the undersigned recommends the motion to dismiss be granted for failure to state a claim.

**RELEVANT PROCEDURAL BACKGROUND**

Plaintiff filed the operative first amended complaint ("FAC") (titled "second amended complaint") on March 3, 2023. (ECF No. 13.) The undersigned screened the FAC and found it did not state a claim against six defendants other than defendant Lizarraga because it did not "allege any nonconclusory facts under which the named defendants plausibly bear any personal responsibility for the alleged harm suffered." (ECF No. 16 at 5-6.) The undersigned gave plaintiff

1   the option of proceeding on a single claim under the Eighth Amendment against Lizarraga or

2   taking a final opportunity to attempt to correct the pleading's deficiencies as to other claims. (Id.)

3   Plaintiff did not file a further amended complaint. On February 24, 2023, the court dismissed all

4   claims in the first amended complaint without leave to amend, except for the claim under the

5   Eighth Amendment against defendant Lizarraga. (ECF No. 27.)

## ALLEGATIONS IN THE FAC

Plaintiff alleges he has been forced to drink and bathe in contaminated water at Mule Creek State Prison ("MCSP"). (ECF No. 13 at 10-12, 18, 26.) Plaintiff's sink produces brown water that smells like mud, dirt, chemicals, and raw sewage, with the raw sewage smell "85 to 90% stronger in the shower." (Id. at 21.) Drinking MCSP water gives him diarrhea, for which he now takes medication, in addition to bloody stool, vomiting, short term dizziness, fever, headaches, severe cramping, muscle fatigue, joint pain, bone pain, and stomach pain. (Id. at 21, 27.) Plaintiff believes the water is the reason for his "chronic care" placement. (Id.) Bathing in the water causes severe itching and rashes. (Id.)

As relevant to the remaining claim against defendant Lizarraga, plaintiff alleges that in 2017, Lizarraga, as Warden at the time, authorized "unlicensed and uncertified" inmate laborers to dig up and repair the water and sewer mains in front of Building #2 on A-Facility "without permits or an E.P.A. certified inspector being present." (Id. at 24.) Lizarraga then authorized the use of water treatment chemicals "in an attempt to stop or help prevent the contaminated water." (Id.) The chemicals damaged the boilers, which were not replaced. (Id. at 24-25.) The chemicals "didn't even work," and remained in the water, but plaintiff was never supplied with clean drinking water. (Id.) Plaintiff seeks damages, declaratory judgment, and injunctive relief. (Id. at 30-36.)

## APPLICABLE STANDARD

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The purpose of a motion to dismiss pursuant to Federal Rule of Civil

1  Procedure 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp.
2  Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). A dismissal may be warranted where there is "the
3  lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable
4  legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

5      A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on
6  its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility
7  when the plaintiff pleads factual content that allows the court to draw the reasonable inference
8  that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678
9  (2009).

10     In evaluating whether a complaint states a claim on which relief may be granted, the court
11 accepts as true the allegations in the complaint and construes the allegations in the light most
12 favorable to the plaintiff. Hishon, 467 U.S. at 73. Pro se pleadings are held to a less stringent
13 standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curium).
14 Nevertheless, a court's liberal interpretation of a pro se complaint may not supply essential
15 elements that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th
16 Cir. 1982). In addition, the court need not assume the truth of legal conclusions cast in the form of
17 factual allegations. U.S. ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).
18 Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or
19 that the defendants have violated the ... laws in ways that have not been alleged." Associated Gen.
20 Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

21     In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court may consider
22 material that is properly submitted as part of the complaint, documents that are not physically
23 attached to the complaint where their authenticity is not contested and the plaintiffs' complaint
24 necessarily relies on them, and matters properly subject to judicial notice. See Lee v. City of Los
25 Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th
26 Cir. 2007)).

27 ////
28 ////

**DISCUSSION**

Defendant Lizarraga's motion to dismiss argues plaintiff failed to properly exhaust administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"). (ECF No. 33 at 13-14.) Defendant argues plaintiff failed to state a cognizable Eighth Amendment claim against defendant in his official or individual capacity. (Id. at 15-25.) Defendant also asserts he is entitled to qualified immunity from suit. (Id. at 25-28.)

At the outset, the standard for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("failure to state a claim upon which relief can be granted") is identical to the standard under 28 U.S.C. § 1915A(b) ("fail[ure] to state a claim upon which relief may be granted"). Nevertheless, a court's finding that a complaint states a cognizable claim at screening under 28 U.S.C. § 1915A does not preclude the court from dismissing the complaint later for failure to state a claim under Rule 12(b)(6). See Easley v. Pinnell, 182 F.3d 924, n. 3 (9th Cir. 1999).

**I.    Exhaustion**

The Prison Litigation Reform Act (PLRA) of 1995 requires that prisoners exhaust "such administrative remedies as are available" before commencing a suit challenging their prison conditions. 42 U.S.C. § 1997e(a). Failure to exhaust is an affirmative defense for which the defendants bear the burden of raising and proving the absence of exhaustion. Jones v. Bock, 549 U.S. 199, 216 (2007); Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166; see also McBride v. Lopez, 807 F.3d 982, 988 (9th Cir. 2015). Otherwise, defendants must produce evidence proving failure to exhaust. McBride, 807 F.3d at 985.

In the motion to dismiss, defendant argues plaintiff admitted in the FAC that he bypassed the second level of the appeals process. (ECF No. 33 at 13.) Therefore, defendant argues, plaintiff admitted he did not fully and properly exhaust available administrative remedies. (Id.) In response, plaintiff argues he exhausted administrative remedies through CDCR 602 grievance log number "MCSP-A 20-01787 Category 9," a copy of which is attached to his opposition. (ECF No. 36 at 1, 11-14.)

4

In reply, defendant concedes the prison apparently accepted the grievance directly at the Second Level of Review. (ECF No. 37 at 4.) Defendant argues that even assuming the grievance was properly exhausted, its contents demonstrate plaintiff did not exhaust his Eighth Amendment claim against defendant. (Id. at 4-5.)

That the contents of the grievance demonstrate plaintiff did not exhaust his claim against defendant is a new argument presented in defendant's reply brief. Plaintiff has not had an opportunity to respond. Moreover, the court can only consider the contents of the grievance for the pending motion to dismiss if no party contests its authenticity and the complaint necessarily relies on the grievance. See Lee, 250 F.3d at 688-89. No party contests the grievance's authenticity. However, plaintiff does not necessarily rely on the grievance to state his Eighth Amendment claim. Compare Sams v. Yahoo! Inc., 713 F.3d 1175, 1179 (9th Cir. 2013) (considering two subpoenas not attached to the complaint on a motion to dismiss as "critical" to the lawsuit where the plaintiff's claim was that the subpoenas themselves were unlawful). A motion to dismiss is not a proper procedural device in which to raise the affirmative defense in this instance. See McBride, 807 F.3d at 985; Albino, 747 F.3d at 1166.

## II. Failure to State a Claim

### A. Eighth Amendment Standard

The Eighth Amendment requires prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, and medical care, and to take reasonable measures to guarantee the safety of inmates. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). A prisoner seeking relief for an Eighth Amendment violation must show the defendant official acted with deliberate indifference to a threat of serious harm or injury to an inmate. Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002). "Liability under section 1983 arises only upon a showing of personal participation by the defendant." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

"Deliberate indifference" has subjective and objective components. A prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and... must also draw the inference." Farmer, 511 U.S. at 837. Liability may follow only if

1  a prison official "knows that inmates face a substantial risk of serious harm and disregards that

2  risk by failing to take reasonable measures to abate it." Id. at 837. Mere negligence on the part of

3  a prison official is not sufficient to establish liability, but rather, the official's conduct must have

4  been wanton. Farmer, 511 U.S. at 835; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

### B. Official Capacity / Injunctive Relief

To the extent plaintiff seeks damages, the Eleventh Amendment bars suits for money damages in federal court against state officials in their official capacity. Aholelei v. Dep't of Pub. Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). The Eleventh Amendment does not bar an official capacity suit for prospective relief. Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010). A claim for prospective injunctive relief against a state official in his official capacity may be cognizable provided the official has authority to implement the requested relief. Will v. Mich. Dep't of State Police, 491 U.S. 58, 92 (1989).

The allegations in the FAC recognize defendant is no longer the warden at MCSP. (E.g., ECF No. 13 at 1.) Defendant Lizarraga is not alleged to hold any position at MCSP or any position within the California Department of Corrections and Rehabilitation. Thus, the FAC does not plausibly suggest defendant has any authority to implement any injunctive relief requested by plaintiff. Plaintiff's official capacity claims for monetary damages and injunctive relief against defendant should be dismissed.

### C. Individual Capacity / Damages Claim

Defendant's motion to dismiss argues the FAC fails to state a cognizable deliberate indifference claim against defendant in his individual capacity because (1) plaintiff's allegations rest on pure speculation of water contamination, (2) defendant was not personally involved in causing the alleged water contamination; (3) defendant was not subjectively aware of a risk of harm; (4) plaintiff's claim cannot rest on a theory of supervisory liability; and (5) defendant cannot be held liable under a theory of negligence. (ECF No. 33 at 17-25.)

Plaintiff disputes that he lacks a cognizable claim under the Eighth Amendment. (ECF No. 36 at 2.) Plaintiff argues statements of various experts, officials, and MCSP employees support his claim, and therefore that his allegations of water contamination at MCSP based on corroded

6

1   sewage pipes do not rest on speculation. (Id. at 2-4.) Plaintiff argues defendant was "aware or
2   made aware" from various sources about contaminated water. (Id. at 5, fn. 1.)

3         Defendant persuasively argues there is no allegation in the FAC that raises a right to relief
4   against him above the speculative level. Under the complaint's allegations, defendant authorized
5   inmate laborers to make repairs to water and sewer mains and authorized the use of water
6   treatment chemicals "in an attempt to stop or help prevent the contaminated water." (ECF No. 13
7   at 24.) These allegations do not plausibly show defendant was "aware of facts from which the
8   inference could be drawn that a substantial risk of serious harm exist[ed]" to plaintiff or that
9   defendant drew such an inference. Farmer, 511 U.S. at 837. These allegations also do not
10  plausibly suggest defendant disregarded a substantial risk of serious harm by failing to take
11  reasonable measures to abate such a risk. See id. To the contrary, these allegations are more
12  consistent with affirmative efforts to protect plaintiff's well-being rather than deliberate
13  indifference.

14        Under the FAC's allegations, "[t]he chemicals [authorized by defendant] damaged the
15  boilers, which were not thereafter replaced. (ECF No. 13 at 24-25.) The chemicals "didn't even
16  work," and remained in the water, but plaintiff was never supplied with clean drinking water. (Id.)

17        For purposes of this motion, the court accepts as true plaintiff's allegations that he
18  suffered severe ill effects from drinking and bathing in MCSP water, including around the time of
19  the pipe repair project authorized by defendant. Assuming as true that plaintiff suffered the
20  ailments alleged, his own self-diagnosed symptoms provide the only indication that he was
21  exposed to hazardous contaminants. But nothing about plaintiff's conclusion in this regard
22  plausibly suggests defendant knew of a substantial risk of serious harm to plaintiff and
23  disregarded that risk by failing to take reasonable measures to abate it. See Farmer, 511 U.S. at
24  837. Thus, the allegations in the FAC are insufficient to impute the requisite subjective
25  knowledge to defendant.

26        Plaintiff argues his allegations of water contamination, and defendant's knowledge, are
27  not speculative because they are based on statements made by various officials and MCSP
28  employees. (ECF No. 36 at 4-5.) As the undersigned previously found, though, the FAC's

1  allegations consisting of partial quotations and descriptions of findings pertaining to MCSP water
2  from unspecified sources do not plausibly show plaintiff is or was exposed to contaminated water.
3  (See ECF No. 16 at 5.) Therefore, these allegations fail to suggest defendant Lizarraga had the
4  requisite subjective knowledge that plaintiff was exposed to a substantial risk of serious harm
5  from contaminated water, whether in connection with a pipe repair project he authorized, or
6  otherwise. See Farmer, 511 U.S. at 837.

7      A liberal interpretation of the FAC may not supply an essential element of the claim not
8  pled. Ivery v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). The FAC lacks any factual
9  allegations to satisfy the subjective prong of the Eighth Amendment deliberate indifference
10 standard. See id. (holding that vague and conclusory allegations do not suffice to withstand a
11 motion to dismiss). Plaintiff's Eighth Amendment claim against defendant Lizarraga should be
12 dismissed, and the court need not address the qualified immunity argument.

## CONCLUSION AND RECOMMENDATIONS

14     The facts have been construed in the light most favorable to plaintiff, who has offered no
15 further facts in opposition to suggest an amendment could cure the deficiencies in the FAC.
16 Accordingly, amendment would be futile. The dismissal should be without leave to amend. See
17 Serra v. Lappin, 600 F.3d 1191, 1200 (9th Cir. 2010) (a district court "determines the propriety of
18 a motion to amend by ascertaining the presence of any of four factors: bad faith, undue delay,
19 prejudice to the opposing party, and/or futility").

20     Based on the foregoing, IT IS RECOMMENDED as follows:

21     1.    Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)
22 (ECF No. 33) be GRANTED on the ground that the FAC fails to state a claim against defendant
23 Lizarraga.

24     2.    Plaintiff's Eighth Amendment claim against defendant Lizarraga be DISMISSED
25 with prejudice for failure to state a claim.

26     3.    The Clerk of the Court be directed to close this case.

27     These findings and recommendations are submitted to the United States District Judge
28 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 21 days after

being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within 7 days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 21, 2023

DLB7
jwei0712.mtd

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE