UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| XAVIER LUMAR J'WEIAL, | No. 2:21-cv-00712 WBS DB |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

----oo0oo----

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action on April 21, 2021, seeking relief under 42 U.S.C. § 1983.  Plaintiff alleges that defendants violated his rights under the Eighth Amendment based on alleged water pollution at Mule Creek State Prison.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Following the Magistrate Judge's screening order, the only defendant that remains is Joe Lizzarraga, former warden at Mule Creek State Prison.  (Docket

1

Nos. 16, 21-22, 27.)  Defendant Lizzarraga moved to dismiss on July 17, 2023.  (Docket No. 33.)

The Magistrate Judge's findings and recommendations recommend dismissal of the action.  (See Docket No. 38.)  Neither party has filed objections to the findings and recommendations.  The undersigned adopts the Magistrate Judge's findings and recommendations concerning the issues of exhaustion and Eleventh Amendment immunity.  As such, plaintiff's claims are DISMISSED insofar as they are brought against defendant in his official capacity.

However, for the following reasons, the undersigned declines to adopt the Magistrate Judge's recommendation concerning plaintiff's Eighth Amendment claim against defendant in his individual capacity.

As explained by the Magistrate Judge:

> The Eighth Amendment requires prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, and medical care, and to take reasonable measures to guarantee the safety of inmates. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). A prisoner seeking relief for an Eighth Amendment violation must show the defendant official acted with deliberate indifference to a threat of serious harm or injury to an inmate. Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002). "Liability under section 1983 arises only upon a showing of personal participation by the defendant." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).
>
> "Deliberate indifference" has subjective and objective components. A prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and . . . must also draw the inference." Farmer, 511 U.S. at 837. Liability may follow only if a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 837. Mere negligence on the part of a prison official is not sufficient to

2

establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

(Docket No. 38 at 5-6.)

Also as explained by the Magistrate Judge, plaintiff's allegations are as follows:

> Plaintiff alleges he has been forced to drink and bathe in contaminated water at Mule Creek State Prison ("MCSP"). (ECF No. 13 at 10-12, 18, 26.) Plaintiff's sink produces brown water that smells like mud, dirt, chemicals, and raw sewage, with the raw sewage smell "85 to 90% stronger in the shower." (Id. at 21.) Drinking MCSP water gives him diarrhea, for which he now takes medication, in addition to bloody stool, vomiting, short term dizziness, fever, headaches, severe cramping, muscle fatigue, joint pain, bone pain, and stomach pain. (Id. at 21, 27.) Plaintiff believes the water is the reason for his "chronic care" placement. (Id.) Bathing in the water causes severe itching and rashes. (Id.)
>
> As relevant to the remaining claim against defendant Lizarraga, plaintiff alleges that in 2017, Lizarraga, as Warden at the time, authorized "unlicensed and uncertified" inmate laborers to dig up and repair the water and sewer mains in front of Building #2 on A-Facility "without permits or an E.P.A. certified inspector being present." (Id. at 24.) Lizarraga then authorized the use of water treatment chemicals "in an attempt to stop or help prevent the contaminated water." (Id.) The chemicals damaged the boilers, which were not replaced. (Id. at 24-25.) The chemicals "didn't even work," and remained in the water, but plaintiff was never supplied with clean drinking water. (Id.)

(Docket No. 38 at 2.)

The Magistrate Judge concluded that these allegations fail to state a claim under the Eighth Amendment. For the reasons given below, the undersigned disagrees.

First, contrary to defendants' assertions, the complaint offers more than pure speculation as to the issue of water contamination. Plaintiff alleges that his "sink produces

3

1    brown water that smells like mud, dirt, chemicals, and raw
2    sewage." (First Am. Compl. (Docket No. 13) ¶ 21.)  Plaintiff
3    also asserts that he suffers ill effects immediately after
4    drinking or bathing in the water.  (See id. ¶¶ 21, 27.)  Taken as
5    true, allegations based on plaintiff's personal observation of
6    the water quality and experience of how the water affects his
7    body are far from speculative.  While many of the allegations --
8    including statements concerning the pollution of bodies of water
9    located outside the prison, which are not necessarily relevant to
10   the pollution of the prison's domestic water supply -- are
11   speculative, the allegations grounded in plaintiff's own
12   experiences and observations are not.  And as the Ninth Circuit
13   has held multiple times, allegations that an inmate was deprived
14   of an adequate amount of clean drinking water are sufficient to
15   allege a violation of the Eighth Amendment.  See Hearns v.
16   Terhune, 413 F.3d 1036, 1043 (9th Cir. 2005) ("with allegations
17   that there was a lack of drinkable water, the complaint is
18   sufficient to state a cause of action" under the Eighth
19   Amendment); Johnson v. Lewis, 217 F.3d 726, 732 (9th Cir. 2000)
20   ("receiv[ing] inadequate drinking water for four days," even
21   where there was evidence that inmates received some amount of
22   water, could violate the Eighth Amendment); Keenan v. Hall, 83
23   F.3d 1083, 1091 (9th Cir. 1996), opinion amended on denial of
24   reh'g, 135 F.3d 1318 (9th Cir. 1998) (providing inmates with
25   "water that is foul would be inadequate to maintain health" and
26   therefore violate the Eighth Amendment).
27          Second, plaintiff alleges that defendant Lizzarraga had
28   knowledge of the contamination and authorized the maintenance

4

work that both allegedly failed to remedy the known contamination and further contributed to it.  Plaintiff has therefore sufficiently alleged that defendant had personal involvement in the alleged violation, as a warden's approval of a policy or practice or other "culpable action or inaction in the training, supervision, or control of subordinates" can provide a sufficient causal link to hold the warden liable for deliberately indifferent conduct under § 1983.  See Lemire v. California Dep't of Corr. & Rehab., 726 F.3d 1062, 1079 (9th Cir. 2013).  See also id. at 1074 (for purposes of deliberate indifference under the Eighth Amendment, "it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm"); Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011) ("acquiescence or culpable indifference" may suffice to show that a supervisor "personally played a role in the alleged constitutional violations").

Finally, plaintiff has sufficiently alleged that defendant was subjectively aware of a risk of harm.  The question of the defendant's subjective knowledge is "fact-intensive and typically should not be resolved" prior to trial because, "as the Supreme Court has explained, '[w]hether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'"  Lemire, 726 F.3d at 1078 (quoting Farmer, 511 U.S. at 842).

Here, plaintiff alleges that defendant was aware of the

1  water contamination, and this allegation is factually supported
2  by defendant's actions in authorizing the repairs by inmates and
3  the placement of chemicals in the water supply.  Acting to remedy
4  water contamination requires preexisting knowledge that the water
5  contamination existed.  Knowledge of contamination of the
6  inmates' domestic water supply could present such an "obvious"
7  risk of harm to the inmates' health that defendant must have
8  known of that risk.  See Farmer, 511 U.S. at 842.
9        The court agrees with defendant that his attempt to
10 take remedial actions provides some indication that he was not
11 deliberately indifferent.  However, a reasonable finder of fact
12 could conclude that the actions taken, including authorizing
13 unqualified inmate laborers to perform important repairs, were so
14 insufficient that defendant was nonetheless deliberately
15 indifferent despite the efforts made.  Further, that the efforts
16 to remedy the contamination were unsuccessful and the water
17 remained polluted, yet defendant did not take additional remedial
18 measures, could be an indication of deliberate indifference.  See
19 Keller v. Shirley, No. 1:22-cv-01487 BAM PC, 2023 WL 6612634, at
20 *6 (E.D. Cal. Oct. 10, 2023), report and recommendation adopted,
21 2024 WL 37052 (Jan. 3, 2024) (allegations that prison official,
22 inter alia, "failed to correct the failures of past contractors,
23 regulations, and plans to make sure the water quality is safe"
24 were sufficient to state a claim for deliberate indifference to
25 conditions of confinement).
26       The court therefore concludes that plaintiff has stated
27 a claim under the Eighth Amendment.  See Augustine v. Shirley,
28 No. 1:23-cv-00520 SAB PC, 2023 WL 9111047, at *3 (E.D. Cal. July

18, 2023) ("[a]t the pleading stage, Plaintiff's allegations that the drinking water at [the prison] is contaminated of which [supervisory prison official] is alleged aware and is presumably responsible for addressing the status of the water system . . ., but failed to take action, is sufficient to give rise to a claim for relief"); Johnson v. Cate, No. 1:10-cv-00803 AWI, 2013 WL 3968202, at *4 (E.D. Cal. July 31, 2013), report and recommendation adopted, 2013 WL 5492728 (Oct. 1, 2013) (where the complaint "plausibly alleges that [prison official defendant] knowingly failed to cure a dangerous situation at [the prison] . . . nothing more is required to survive" a motion to dismiss).

Accordingly, defendant's motion to dismiss (Docket No. 33) is GRANTED IN PART only with respect to plaintiff's claims as brought against defendant in his official capacity, which are hereby DISMISSED.  The motion is DENIED IN PART to the extent that it seeks dismissal on the ground that plaintiff failed to state an Eighth Amendment claim against defendant in his individual capacity.  This case is REMANDED to the Magistrate Judge for further proceedings consistent with this order, including consideration of the qualified immunity issue raised by defendant's motion if appropriate at this early stage of the proceedings.

IT IS SO ORDERED.

Dated:  February 14, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE