UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XAVIER LUMAR J'WEIAL,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | No. 2:21-cv-00712-WBS-SCR P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding pro se in this civil rights matter under 42 U.S.C. § 1983. The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Defendants' motion to dismiss (ECF No. 33) is before the court on remand from the assigned district judge for consideration of qualified immunity. Also before the court are plaintiff's motion for summary judgment (ECF No. 43), motion for special master (No. 49), and request for hearing date (ECF No. 50). As explaind herein, the court denies plaintiff's motion for special master and request for hearing date and recommends that defendant's motion to dismiss and plaintiff's motion for summary judgment be denied.

/////

/////

/////

1

**PROCEDURAL BACKGROUND**

I.     **Plaintiff's First Amended Complaint**

Plaintiff filed his first amended complaint ("FAC")[1] on March 3, 2022, alleging he has been forced to drink and bathe in contaminated water because the water treatment plants at Mule Creek State Prison ("MCSP") do not safely or sufficiently process the amount of water being used for the current number of prisoners and staff. (ECF No. 13 at 10-12, 18, 26.) Plaintiff further alleges that he has suffered adverse health effects from drinking and bathing in the contaminated water. (Id. at 21, 27.) The FAC names as defendants seven individuals who are current or former supervisory officials at MCSP, id. at 1, 3-6, and alleges plaintiff suffered cruel and unusual punishment in violation of the Eighth Amendment and been denied equal protection of the laws in violation of the Fourteenth Amendment, id. at ¶¶ 28-29.

As to defendant Lizzarraga, the FAC alleges that in 2017 Lizarraga authorized "unlicensed and uncertified" inmate laborers to dig up and repair the water and sewer mains in front of Building #2 on A-Facility "without permits or an E.P.A. certified inspector being present." (ECF No. 13 at 24.) Lizarraga then authorized the use of water treatment chemicals "in an attempt to stop or help prevent the contaminated water." (Id.) The chemicals damaged the boilers, which were not thereafter replaced. (Id. at 24-25.) The chemicals "didn't even work," and remained in the water, but plaintiff was never supplied with clean drinking water. (Id.) He seeks damages, declaratory judgment, and injunctive relief. (Id. at 30-36.)

On June 29, 2022, the previously assigned magistrate judge issued a screening order finding plaintiff stated a cognizable Eighth Amendment claim against defendant Lizzarraga but no other cognizable claims against Lizzarraga or any other defendants. (ECF No. 16.) On January 3, 2023, plaintiff submitted a notice of election to proceed on his cognizable Eighth Amendment claim against defendant Lizzarraga. (ECF No. 21.)

II.     **Defendant's Motion to Dismiss for Failure to State a Claim**

On July 17, 2023, defendant Lizzarraga filed a motion to dismiss pursuant to Federal Rule

---

[1] Plaintiff titled his amended complaint "second amended complaint," but it was the first amended complaint following the screening of his original complaint.

2

of Civil Procedure 12(b)(6). (ECF No. 33.) Defendant's motion sought dismissal on grounds that (1) plaintiff failed to exhaust administrative remedies under the Prison Litigation Reform Act, (2) plaintiff failed to state cognizable Eighth Amendment claims against defendant Lizzarraga in his official or individual capacities, and (3) defendant Lizzarraga was entitled to qualified immunity.

On November 21, 2023, the previously assigned magistrate judge issued findings and recommendations that plaintiff's complaint be dismissed for failure to state a claim. (ECF No. 38.) After finding defendant Lizzarraga's exhaustion affirmative defense premature at the motion to dismiss stage (id. at 5), the previously assigned magistrate judge recommended that plaintiff's official capacity claim for damages be dismissed as barred by the Eleventh Amendment[2] and that plaintiff's individual capacity claim for damages be dismissed based on the FAC's insufficient allegations regarding defendant's subjective knowledge of a substantial risk of harm to plaintiff. (Id. at 6-7.) Qualified immunity was not addressed due to the recommendation of dismissal.

On February 15, 2024, District Judge Shubb issued an order adopting the previously assigned magistrate judge's findings and recommendations in part and rejecting them in part. (ECF No. 41.) The order adopted the recommendations concerning administrative exhaustion and Eleventh Amendment immunity and dismissed plaintiff's claims brought against defendant Lizzarraga in his official capacity. (Id. at 2.) Judge Shubb declined to adopt the recommendations concerning plaintiff's Eighth Amendment claim against defendant in his individual capacity, finding plaintiff had sufficiently alleged (1) water contamination based on personal observation, (2) Lizzarraga's personal involvement in the alleged violation, and (3) Lizzarraga's subjective awareness of a risk of harm. (Id. at 3-5.) The case was remanded back to the magistrate judge for further proceedings consistent with the order, "including consideration of the qualified immunity issue raised by defendants' motion if appropriate at this early stage of the proceedings." (Id. at 7.)

/////

---

[2] To the extent plaintiff sought injunctive relief, the previously assigned magistrate judge also recommended dismissal because the FAC did not plausibly suggest that defendant – whom the FAC acknowledges was no longer MCSP warden – had any authority to implement the requested injunctive relief. (Id.)

3

## DEFENDANT'S MOTION TO DISMISS

### I. Legal Standard for Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)

A defendant may move to dismiss a claim under Rule 12(b)(6) if the allegation "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. This standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense," Iqbal, 556 U.S. at 679, and to "draw all reasonable inferences in favor of the nonmoving party." Boquist v. Courtney, 32 F.4th 764, 773 (9th Cir. 2022) (quoting Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014)) (internal quotation marks omitted). Stating a claim "requires more than labels and conclusions, and a formulaic recitation of the elements." Twombly, 550 U.S. at 555.

On a Rule 12(b)(6) motion, the court may consider all materials incorporated into the complaint by reference, as well as evidence properly subject to judicial notice. Weston Fam. P'ship LLLP v. Twitter, Inc., 29 F.4th 611, 617-18 (9th Cir. 2022). "Ultimately, dismissal is proper under Rule 12(b)(6) if it appears beyond doubt that the non-movant can prove no set of facts to support its claims." Boquist, 32 F.4th at 773–74 (internal citation and quotation marks omitted) (cleaned up).

The court may dismiss for failure to state a claim when the allegations of the complaint and judicially noticeable materials establish an affirmative defense or other bar to recovery, such as the expiration of the statute of limitations. See Sams v. Yahoo! Inc., 713 F.3d 1175, 1179 (9th Cir. 2013) (quoting Jones v. Bock, 549 U.S. 199, 215 (2007)); see also Goddard v. Google Inc., 640 F. Supp. 2d 1193, 1199, n. 5 (N.D. Cal. 2009) (noting that "affirmative defenses routinely serve as a basis for granting Rule 12(b)(6) motions where the defense is apparent from the face of the [c]omplaint"). However, dismissal under Rule 12(b)(6) is improper if the allegations of the

1  complaint and judicially noticeable materials concerning the defense involve disputed issues of
2  fact.  ASARCO, LLC v. Union Pacific R. Co., 765 F.3d 999, 1004 (9th Cir. 2014) (citing Scott v.
3  Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam)).
4      "[A] district court should grant leave to amend even if no request to amend the pleading
5  was made, unless it determines that the pleading could not possibly be cured by the allegation of
6  other facts." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting In re Doe, 58 F.3d
7  494, 497 (9th Cir. 1995)).  A pro se litigant is entitled to notice of the deficiencies in the
8  complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by
9  amendment.  See Akhtar v. Mesa, 698 F.3d 1202, 1213 (9th Cir. 2012).

10    **II.    Legal Standard for Qualified Immunity**
11      "In § 1983 actions, qualified immunity protects government officials from liability for
12  civil damages insofar as their conduct does not violate clearly established statutory or
13  constitutional rights of which a reasonable person would have known." Sampson v. County of
14  Los Angeles, 974 F.3d 1012, 1018 (9th Cir. 2020) (citations and internal quotation marks
15  omitted).  To be entitled to qualified immunity at the motion to dismiss stage, a state official must
16  show that the allegations in the complaint do not make out a violation of a constitutional right or
17  that any such right was not clearly established at the time of the alleged misconduct.  Hampton v.
18  California, 83 F.4th 754, 765 (9th Cir. 2023) (citing Pearson v. Callahan, 555 U.S. 223, 232-236
19  (2009)), cert. denied sub nom. Diaz v. Polanco, 144 S. Ct. 2520 (2024).
20      "At the motion to dismiss stage, 'dismissal is not appropriate unless we can determine,
21  based on the complaint itself, that qualified immunity applies.'" Polanco v. Diaz, 76 F.4th 918,
22  925 (9th Cir. 2023) (quoting O'Brien v. Welty, 818 F.3d 920, 936 (9th Cir. 2016)).  At this stage,
23  "[i]f the operative complaint contains even one allegation of a harmful act that would constitute a
24  violation of a clearly established constitutional right, then plaintiffs are entitled to go forward
25  with their claims." David v. Kaulukukui, 38 F.4th 792, 799 (9th Cir. 2022) (quoting Keates v.
26  Koile, 883 F.3d 1228, 1235 (9th Cir. 2018)).
27  ////
28  ////

5

### III. Discussion

Defendant Lizzarraga argues that he is entitled to qualified immunity because (1) plaintiff did not establish a violation of his Eighth Amendment rights; or (2) if plaintiff did establish a violation of his Eighth Amendment rights, any such right was not clearly established. (ECF No. 33 at 25-28.) The district court ruled that the allegations in plaintiff's FAC make out a violation of the Eighth Amendment against defendant Lizzarraga. (See ECF No. 41.) The undersigned then will only address defendant's arguments pertaining to the second step in the qualified immunity inquiry, i.e., whether any such right was not clearly established at the time of the alleged misconduct.

The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable official that his conduct was unlawful in the situation he confronted. Saucier v. Katz, 533 U.S. 194, 202 (2001), overruled in part on other grounds by Pearson, 555 U.S. at 236. "In the Ninth Circuit, we begin [the clearly established] inquiry by looking to binding precedent. If the right is clearly established by decisional authority of the Supreme Court or this Circuit, our inquiry should come to an end." Moore v. Garnand, 83 F.4th 743, 750 (9th Cir. 2023) (quoting Boyd v. Benton County, 374 F.3d 773, 781 (9th Cir. 2004)).

Defendant Lizzarraga proposes the following framing of the right at issue in his motion to dismiss:

> In this case, it was not clearly established that performing repairs on water pipes and taking steps to abate the inmates' exposure to contaminated water, such as treating the water with cleansing agents, could violate the Eighth Amendment when the alleged issue lasted two days.

(ECF No. 33 at 27.) Defendant concludes that the absence of Supreme Court or Ninth Circuit precedent addressing this scenario establishes that the right was not clearly established and that qualified immunity applies. (Id.)

The undersigned does not agree with defendant's framing of the right for several reasons. First, defendant's self-serving characterization of his alleged remedial measures raises questions

of his deliberate indifference that the district court resolved in its order.[3]  Second, the allegation that the alleged contamination lasted two days was in plaintiff's complaint, not his FAC, and is not before the court.  (See FAC Screening Order, ECF No. 16 ("The [FAC] omits the previous allegation that water and sewer pipelines were inadvertently crossed for two days").)

Third, while "the right allegedly violated must be defined at the appropriate level of specificity before a court can determine if it was clearly established," Dunn v. Castro, 621 F.3d 1196, 1201 (9th Cir. 2010), defendant's definition is far too narrow.  Allowing defendant to define the right with this level of granularity "would be to allow [defendant]…to define away all potential claims."  Kelley v. Borg, 60 F.3d 664, 667 (9th Cir. 1995) (rejecting an attempt to more narrowly define a prisoner's Eighth Amendment right to receive medical care); see also Newman v. San Joaquin Delta Cmty. Coll. Dist., No. CIV. 2:09-3441 WBS-KJN, 2010 WL 2179964, at *4 (E.D. Cal. May 27, 2010) ("[A] rigid, fact-bound interpretation of the right at stake would make it extremely difficult to prove that any right is clearly established").

The court instead looks to plaintiff's FAC, which asserts an Eighth Amendment right to "clean drinking water."  (See ECF No. 13 at 28.)  Supreme Court and Ninth Circuit case law recognizes that substantial deprivations of adequate drinking water can violate the Eighth Amendment.  See Helling v. McKinney, 509 U.S. 25, 33 (1993) (citing "demonstrably unsafe drinking water" as an example of a cognizable conditions of confinement claim under the Eighth Amendment); Johnson v. Lewis, 217 F.3d 726, 732 (9th Cir. 2000) (holding that evidence inmates "received inadequate drinking water for four days" could violate the Eighth Amendment); Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996), opinion amended on denial of reh'g, 135 F.3d 1318 (9th Cir. 1998) (providing inmates with "water that is foul would be inadequate to maintain health" and therefore violate the Eighth Amendment); Anderson v. Cnty. of Kern, 45 F.3d 1310, 1314 (9th Cir. 1995), opinion amended on denial of reh'g, 75 F.3d 448 (9th Cir. 1995) ("subjection of a prisoner to lack of sanitation that is severe or prolonged can

---

[3] "The court agrees with defendant that his attempt to take remedial actions provides some indication that he was not deliberately indifferent.  However, a reasonable finder of fact could conclude that the actions taken…were so insufficient that defendant was nonetheless deliberately indifferent despite the efforts made." (ECF No. 41 at 6.)

1   constitute an infliction of pain within the meaning of the Eighth Amendment"). Thus, there is
2   support for the right to clean drinking water asserted in the FAC being clearly established.
3   Accordingly, because it is not clear from the complaint that qualified immunity applies, the court
4   declines to grant qualified immunity at this early stage of the proceeding.[4]

5   However, the allegations in the FAC do not foreclose the possibility that defendant
6   Lizzarraga did not violate any clearly established Eighth Amendment right given the fact-
7   intensive nature of deliberate indifference. The court's denial of qualified immunity at the motion
8   to dismiss stage therefore "sheds little light" on whether defendant Lizzarraga "might ultimately
9   be entitled to qualified immunity once the case proceeds at least to the summary judgment stage,
10  where the court is presented with facts providing context for the challenged actions." Jones v.
11  City of Vallejo, No. 2:22-cv-1574 WBS-JDP, 2024 WL 2153646, at *4 (E.D. Cal. May 14, 2024)
12  (quoting Keates, 883 F.3d at 1235).

### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

14  Plaintiff filed a motion for summary judgment on June 6, 2024. (ECF No. 43.) Defendant
15  Lizzarraga opposes the motion on grounds that it is premature, given that the magistrate judge has
16  not yet considered the issue of qualified immunity, and no case management order has yet been
17  issued. (ECF No. 44.) Plaintiff's reply argues that the plain language of Federal Rule of Civil
18  Procedure 56 allows a party to file a motion for summary judgment "at any time until 30 days
19  after the close of discovery." (ECF No. 46 at 2.) Plaintiff adds that he is "entitled to judgment as
20  a matter of law" based on "all the information provided by plaintiff and the documented
21  information in possession of the [Attorney General's] Office." (Id.)

---

[4] The court is also persuaded by Villanueva v. Biter, 611 F. App'x 439 (9th Cir. 2015), where the Ninth Circuit reversed a screening order dismissing a prisoner's Eighth Amendment claim based on alleged water contamination at Kern Valley State Prison. Per its memorandum opinion: "Dismissal of [plaintiff's] action was premature because [he] alleged that defendants were aware of water contamination issues at the prison since the facility opened but failed to act, which resulted in harm to his health. Liberally construed, these allegations were "sufficient to warrant ordering [defendants] to file an answer." Id. at 439 (citations omitted). On remand, this court held the Ninth Circuit's reversal and mandate that defendants be ordered to file an answer precluded a ruling that qualified immunity was clear from the face of the complaint. Villanueva v. Biter, No. 1:11-CV-1050 AWI SAB, 2016 WL 8730882, at *2 (E.D. Cal. July 15, 2016).

1     "Although the rule allows a motion for summary judgment to be filed at the
2 commencement of an action, in many cases the motion [for summary judgment] will be
3 premature until the nonmovant has had time to file a responsive pleading or other pretrial
4 proceedings have been had."  Fed. R. Civ. P. 56, Advisory Committee's Notes (2010
5 Amendments, Note to Subdivision (b).)  Indeed, judges from this court and others regularly deny
6 pre-answer and pre-discovery motions for summary judgement as premature, despite technical
7 compliance with Rule 56.  See Sayyedalhosseini v. Los Rios Community College District, 2:23-
8 cv-1571-DJC-JDP, 2024 WL 2883475, at *6 n.6 (E.D. Cal. June 6, 2024); Giles v. San Joaquin
9 Valley Rehab. Hosp., No. 1:21-cv-0732-JLT-SKO, 2023 WL 5806539, at *1 (E.D. Cal. Sept. 7,
10 2023) (collecting E.D. Cal. cases); Ahuruonye v. United States Dep't of Interior, 2016 WL
11 11956733, at *3 n.5 (D.D.C. Dec. 15, 2016) (citing several cases in D.D.C. and D.C. Cir.); see
12 also Hellstrom v. U.S. Dep't of Veterans Affs., 201 F.3d 94, 97 (2d Cir. 2000) ("[o]nly in the
13 rarest of cases" may summary judgment "be granted against a plaintiff who has not been afforded
14 the opportunity to conduct discovery").

15     Here, although plaintiff's reading of Rule 56 is technically correct, the motion is
16 premature.  Defendant has yet to file a responsive pleading (see Docket; Fed. R. Civ. P. 7(a)) and
17 the district court must still rule on the undersigned's recommendations regarding qualified
18 immunity at the motion to dismiss stage of the case, *supra*.  Further, the court has not issued a
19 scheduling order, and discovery has not yet begun.  Accordingly, the court recommends that
20 plaintiff's motion for summary judgment be denied without prejudice.

21                 **PLAINTIFF'S MOTION FOR SPECIAL MASTER**

22     On January 28, 2025, plaintiff filed a motion for appointment of a special master pursuant
23 to Federal Rule of Civil Procedure 53 for the purposes of "discovery for forensic accounting"
24 relating to alleged "decades of misappropriation of funds."  (ECF No. 49.)  The motion includes
25 exhibits pertaining to academic studies on tertiary wastewater treatment and a California State
26 Water Resources Control Board report on MCSP.  (Id.)

27     Rule 53 of the Federal Rules of Civil Procedure permits the court to "appoint a master," in
28 part to "perform duties consented to by the parties," "hold trial proceedings" if "some exceptional

condition" warrants such an appointment, or "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(a)(1). "Reference to a master 'shall be the exception and not the rule' and, 'save in matters of account and of difficult computation of damages, ... shall be made only upon a showing that some exceptional condition requires it.'" Burlington Northern R. Co. v. Department of Revenue of State of Wash., 934 F.2d 1064, 1071 (9th Cir. 1991) (quoting then-Fed. R. Civ. P. 53(b)).

Here, plaintiff seeks a special master for the purposes of discovery. The court finds the request premature where defendant has not yet filed a responsive pleading and discovery has not yet begun. Further, plaintiff makes no showing that the court could not "effectively and timely" address any discovery issues that may arise. See Fed. R. Civ. P. 53(a)(1)(C); Fed. R. Civ. P. 53, Advisory Committee's Notes (2003 Amendments, Note to Subdivision (a)(1) ("[a] pretrial master should be appointed only when the need is clear")). Accordingly, plaintiff's motion for special master is denied.

**PLAINTIFF'S REQUEST FOR HEARING DATE**

On the same day as his motion for special master, plaintiff filed a request for hearing date on the "unclean hands motion filed in August 2024." (ECF No. 50.) The docket does not reflect any motions filed in August 2024, let alone an "unclean hands motion." Accordingly, plaintiff's request for hearing is denied.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for special master (ECF No. 49) is denied; and

2. Plaintiff's request for hearing (ECF No. 50) is denied.

In addition, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss (ECF No. 33) be denied; and

2. Plaintiff's motion for summary judgment (ECF No. 43) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days

1  after being served with these findings and recommendations, either party may file written
2  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
3  Findings and Recommendations."  The parties are advised that failure to file objections within the
4  specified time may result in waiver of the right to appeal the district court's order.  <u>Martinez v.</u>
5  <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

6  DATED: February 19, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

11