UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XAVIER LUMAR J'WEIAL,<br><br>  Plaintiff,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>  Defendants. | No. 2:21-cv-0712 WBS SCR P<br><br><u>ORDER SETTING SETTLEMENT CONFERENCE</u> |

     Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. The court has determined that this case will benefit from a settlement conference. Therefore, this case will be referred to Magistrate Judge Jeremy D. Peterson to conduct a settlement conference at the California State Prison, Sacramento ("CSP-SAC"), 100 Prison Road, Represa, CA 95671 on July 28, 2025, at 9:00 a.m. The Court will issue any necessary transportation order in due course.

     In accordance with the above, IT IS HEREBY ORDERED that:

     1.    This case is set for a settlement conference before Magistrate Judge Jeremy D. Peterson on July 28, 2025, at 9:00 a.m. at CSP-SAC.

     2.    Parties are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms. The

individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate.[1]

3. Parties are directed to submit confidential settlement statements no later than July 14, 2025, to JDPorders@caed.uscourts.gov. Plaintiff shall mail his confidential settlement statement to U.S. District Court, 501 I Street, Suite 4-200, Sacramento, California 95814, "**Attn: Magistrate Judge Jeremy D. Peterson,**" so it arrives no later than July 14, 2025. The envelope shall be marked "CONFIDENTIAL SETTLEMENT STATEMENT." Parties are also directed to file a "Notice of Submission of Confidential Settlement Statement" (See L.R. 270(d)).

4. Settlement statements **should not be filed** with the Clerk of the Court **nor served on any other party**. Settlement statements shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon.

5. The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:

   a. A brief recitation of the facts;
   b. A discussion of the strengths and weaknesses of the case;
   c. An itemized estimate of the expected costs for further discovery, pretrial, and trial matters, in specific dollar terms;
   d. Your best estimate of the probability that plaintiff will obtain a finding of liability should this case proceed to trial, in percentage terms;
   e. Should this case proceed to trial and defendant be found liable, please provide

---

[1] The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face-to-face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

the following, in specific dollar terms:

    i. A realistic high-end recovery estimate (i.e., realistic best- or worst-case scenario);

    ii. A realistic low-end recovery estimate (i.e., realistic worst- or best-case scenario); and

    iii. A best estimate of the most likely outcome;

f. A history of settlement discussions, including:

    i. A statement of your expectations for settlement discussions;

    ii. A listing of any past and present settlement offers from any party (including all terms); and

    iii. Whether your party would consider making the opening offer or demand, and what that offer might be;[2]

g. A list of the individuals who will be participating in the settlement conference on your party's behalf, including each participant's name and, if appropriate, title;

h. Plaintiff's anticipated release date;

i. An estimate of restitution and fees, including court fees and filing fees, owed by plaintiff; and

j. Identification of any related cases or of any other cases that the parties might wish to discuss at this settlement conference.

6. The Clerk of the Court is directed to serve a courtesy copy of this order on the Litigation Office at CSP-SAC via fax at (916) 294-3072 or via email.

DATED: June 12, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Please note that Judge Peterson will consider this response, among others, in evaluating whether proceeding with a settlement conference appears worthwhile.

3