UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XAVIER LUMAR J'WEIAL,<br><br>  Plaintiff,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTION & REHABILITATION, et al.,<br><br>  Defendants. | No.  2:21-cv-00712 WBS SCR P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is incarcerated in state prison and proceeding pro se and in forma pauperis with this civil rights action under 42 U.S.C. § 1983.  Plaintiff has filed motions to modify the discovery and scheduling order ("DSO").  (ECF Nos. 63, 69.)  Defendants filed their own motion to modify the DSO that plaintiff does not oppose.  (ECF No. 68.)  For good cause shown, the undersigned will grant defendant's motion as set forth herein.  Plaintiff's motions are denied as moot.

Also pending before the undersigned is plaintiff's motion for a temporary restraining order ("TRO") regarding alleged interference with his legal mail.  (ECF No. 65.)  For the reasons set forth below, the undersigned recommends that plaintiff's TRO motion be denied.

**BACKGROUND**

This action is proceeding on plaintiff's first amended complaint filed on March 3, 2022. (ECF No. 13.)  Plaintiff alleged he has suffered ill effects from being forced to drink and bathe in

1


contaminated water at Mule Creek State Prison ("MCSP") and named seven prison officials as defendants. (Id. at 10-12.) The previously assigned magistrate judge screened in only an Eighth Amendment conditions of confinement claim against defendant Lizzarraga, the facility's former Warden, based on his actions that allegedly caused the contamination. (ECF No. 16.) Plaintiff elected to proceed on his amended complaint as screened and voluntarily dismissed the remaining claims and defendants. (ECF No. 21.)

Orders on Defendant's motion to dismiss further narrowed the action to a single Eighth Amendment claim against Lizzarraga in his individual capacity only. (ECF Nos. 27, 41.) Defendant subsequently answered the complaint on April 17, 2025. (ECF No. 57.) After post-screening ADR did not result in settlement, the undersigned issued a discovery and scheduling order ("DSO") on August 25, 2025. (ECF No. 63.) The DSO set a discovery deadline of November 25, 2025, and a dispositive motion deadline of February 25, 2026. (Id.)

## THE PARTIES' MOTIONS TO MODIFY THE DSO

Plaintiff's motions to modify the DSO seek a 30-day extension of the discovery cut-off date to December 25, 2025. (ECF Nos. 64, 69.) Plaintiff requests more time for discovery for several reasons. The MCSP inmate population was placed on lockdown from September 16-25, 2025, which limited law library and PLU [Priority Legal User] access. This past week, the law librarian was not present. Plaintiff also claims that he received the DSO in the mail but did not receive a deposition notice for October. (Id. at 1-2.)

Defendant did not oppose plaintiff's motion but later filed his own motion to modify the DSO on November 24, 2025. (ECF No. 68.) Defendant explains that he timely served discovery requests on September 24, 2025, but plaintiff did not receive them until November 7, 2025. (Id. at 3.) Plaintiff has agreed to stipulate to a reciprocal 60-day extension of the current deadline to serve responses on defendant. (Id.) Defendant asks that the discovery deadline be extended to January 24, 2026, and the dispositive motion be extended to April 26, 2026. (Id. at 4.)

Under Rule 16(b) of the Federal Rules of Civil Procedure, "good cause" is required for modification of a court's pretrial scheduling order. Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson

1  v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  "If the party seeking the
2  modification 'was not diligent, the inquiry should end' and the motion to modify should not be
3  granted." Zivokovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting
4  Johnson, 975 F.2d at 609).  In determining whether good cause exists to reopen discovery, courts
5  may consider a variety of factors, such as: (1) whether trial is imminent, (2) whether the request is
6  opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party
7  was diligent in obtaining discovery within the guidelines established by the court, (5) the
8  foreseeability of the need for additional discovery in light of the time allowed for discovery by
9  the district court, and (6) the likelihood that the discovery will lead to relevant evidence.  U.S. ex
10 rel. Schumer v. Hughes Aircraft Co., 63 F.3d 1512, 1526 (9th Cir. 1995), vacated on other
11 grounds, 520 U.S. 939 (1997).

12 The parties' filings show that plaintiff has encountered law library and mail access issues
13 that warrant an extension of time to complete discovery.  Plaintiff has demonstrated diligence by
14 proactively moving for an extension before the close of discovery, trial is not imminent, and both
15 parties support the new timeline proposed in defendant's motion.  Accordingly, the undersigned
16 will grant defendant's later-filed motion to modify the DSO and deny plaintiff's motions as moot.
17 The parties may conduct discovery until **January 24, 2026**, and dispositive motions must be filed
18 by **April 26, 2026.**

### PLAINTIFF'S TRO MOTION

**I.      Parties' Arguments**

21 Plaintiff's TRO motion asks the court to order MCSP's mailroom staff to cease tampering
22 with his legal mail.  (ECF No. 65.)  Plaintiff alleges he did not receive legal mail sent by the
23 Attorney General's Office in September 2025 and as a result was not prepared for his deposition
24 on October 14, 2025.  Plaintiff attached a grievance about the mail issue dated November 7, 2025.
25 (Id. at 3-4.)

26 The undersigned ordered Defendant to file a short response indicating whether plaintiff's
27 deposition went forward and, if so, to lodge a copy of the transcript.  Defendant promptly
28 confirmed the deposition went forward as noticed.  (Declaration of V. Zhang ("Zhang Decl.") ¶ 3,

1  ECF No. 67 at 3.)  At the start of the deposition, plaintiff stated on the record that prison staff did
2  not provide him with the deposition notice but that he had no objection to continuing.  (Id.)  The
3  deposition proceeded and was concluded.  (Id. ¶ 4.)

4  Defendant also confirmed that the deposition notice was served by mail on September 24,
5  2025.  (Zhang Decl. ¶ 3, ECF No. 67 at 3.)  MCSP mail logs provided by Defendant show it
6  arrived at the facility on September 30, 2025.  (Id. ¶ 5.)  The Parties do not appear to dispute that
7  the notice never made it to plaintiff after its arrival at the facility.

8  **II.   Legal Standards**

9  A TRO is an extraordinary remedy that may only be granted if the moving party satisfies
10 one of two legal standards. A plaintiff seeking a TRO must generally establish all four of the
11 following elements: (1) likely success on the merits of his underlying case; (2) he is likely to
12 suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his
13 favor; and (4) an injunction is in the public interest.  Garcia v. Google, Inc., 786 F.3d 733, 740
14 (9th Cir. 2015).  A plaintiff may also be entitled to a preliminary injunction by showing serious
15 questions going to the merits, irreparable harm, and a balance of equities that tips strongly in the
16 plaintiff's favor.  All. For the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

17 A TRO binds only "the parties to the action," their "officers, agents, servants, employees,
18 and attorneys," and "other persons who are in active concert or participation."  Fed. R. Civ. P.
19 65(d)(2)(A)–(C).  In addition, the party seeking a TRO must "establish a relationship between the
20 injury claimed" in the motion and "the conduct asserted in the complaint."  Pac. Radiation
21 Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015).  The relationship
22 between the TRO motion and the underlying complaint is "sufficiently strong" where the TRO
23 would grant "relief of the same character as that which may be granted finally."  Id. at 636
24 (internal citation omitted).  Absent that relationship or nexus, a district court lacks authority to
25 grant the relief requested.  Id.

26 **III.  Analysis**

27 The undersigned recommends that plaintiff's TRO motion be denied.  Even assuming the
28 TRO could bind MCSP mailroom staff per Rule 65(d)(2), plaintiff has not identified any specific

staff person by name or other identifier. "[B]ecause the court lacks jurisdiction over unnamed parties, the court cannot issue an injunction against them or requiring them to take action." Williams v. Bell, No. 1:16-cv-1584 DAD SAB PC, 2020 WL 868596, at *1 (E.D. Cal. Feb. 20, 2020) (citing Zepeda v. U.S. I.N.S., 753 F.2d 719, 727 (9th Cir. 1983)). Further, because the claims of mail tampering have no relationship to the operative FAC's water contamination allegations or requests for relief,[1] the undersigned lacks authority to grant the relief requested.

In any event, plaintiff has not met the requirements for a TRO. Specifically, plaintiff has not established that he is likely to suffer irreparable harm if his motion is not granted. To the extent plaintiff asserts violations of his First and Fourteenth Amendment rights to access to the courts,[2] he must show he suffered an "actual injury," meaning "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim." Lewis v. Casey, 518 U.S. 343, 349 (1996). Here, while plaintiff claims the lack of notice left him unprepared for his deposition, he does not assert any resulting harm or prejudice. The evidence shows that plaintiff did not ask for the deposition to be rescheduled or otherwise object to proceeding when prompted at the start.

Accordingly, the undersigned recommends that plaintiff's TRO motion be denied. However, given that the evidence points to a breakdown in mail delivery within MCSP, the undersigned strongly encourages defense counsel to confirm plaintiff's receipt of correspondence and filings served by mail with MCSP officials. Moreover, these findings and recommendations do not preclude plaintiff from later challenging the admissibility of his deposition, including for failure to provide reasonable notice under Rule 30(b)(1). Plaintiff may also file a new and

---

[1] In the FAC, Plaintiff requests damages and a remedial action plan to improve MCSP's water quality (see ECF No. 13 at 30-36).

[2] The undersigned construes the TRO as asserting these rights based on more detailed allegations in the attached grievance. (ECF No. 65 at 4.) Courts have recognized that prison officials' interference with an incarcerated person's right to litigate may violate the right of access to the courts that is protected by the First Amendment's right to petition the government and the Due Process Clause of the Fourteenth Amendment. See Silva v. Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011), overruled on other grounds by Richey v. Dahne, 807 F.3d 1202, 1209 n. 6 (9th Cir. 2015); Snyder v. Nolen, 380 F.3d 279, 290-291 (7th Cir. 2004) (discussing the development of cases concerning a prisoner's right of access to the courts).

distinct 42 U.S.C. § 1983 lawsuit challenging the mailroom tampering alleged in his TRO motion.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions to modify the DSO (ECF Nos. 64, 69) are DENIED as moot.
2. Defendant's motion to modify the DSO (ECF No. 68) is GRANTED.
3. The DSO (ECF No. 63) is modified as follows:
    a. The parties may conduct fact-based discovery until **January 24, 2026.** Any motions necessary to compel discovery shall be filed by that date.
    b. Dispositive motions shall be filed on or before **April 26, 2026.**
    c. All other provisions of the DSO (ECF No. 63) remain in effect.

In addition, IT IS HEREBY RECOMMENDED that Plaintiff's TRO motion (ECF No. 65) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, Plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 1, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE