UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

XAVIER LUMAR J'WEIAL,

Plaintiff,

v.

CALIFORNIA DEPARTMENT OF
CORRECTION & REHABILITATION, et
al.,

Defendants.

No.  2:21-cv-00712 WBS SCR PC

ORDER AND FINDINGS &
RECOMMENDATIONS

Plaintiff is incarcerated in state prison and proceeding pro se with a civil rights action under 42 U.S.C. § 1983.  Several motions are pending: (1) plaintiff's affirmative defense motions (ECF Nos. 72, 73); (2) plaintiff's motion to amend the complaint (ECF No. 74) and second amended complaint ("SAC") (ECF No. 75); and (3) defendants' motions to compel (ECF Nos. 76, 77).

**PROCEDURAL BACKGROUND**

The action is proceeding on plaintiff's operative first amended complaint ("FAC") filed on March 3, 2022, regarding alleged water contamination at Mule Creek State Prison ("MCSP"). ECF No. 13.  Magistrate Judge Barnes, the previously assigned magistrate judge, screened in a single Eighth Amendment claim against defendant Lizzarraga, the former MCSP Warden, in his official and individual capacities, and recommended dismissal of the remaining fourteen

1

defendants.  ECF No. 16.  District Judge Shubb adopted the findings and recommendations in full.  ECF No. 27.  Judge Shubb later dismissed plaintiff's official capacity claim, leaving the individual capacity claim against defendant Lizzarraga as the sole remaining claim.  ECF No. 41.

The undersigned issued a discovery and scheduling order ("DSO") on August 25, 2025.  ECF No. 63.  As modified, the DSO permitted the parties to conduct discovery through January 24, 2026.  ECF No. 66.  The current deadline to file a dispositive motion is April 26, 2026.  Id.

## PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT

### I.      The Parties' Arguments

#### A. Plaintiff's Motion and Second Amended Complaint

On January 9, 2026, plaintiff filed a motion to amend his complaint, ECF No. 74, along with a SAC, ECF No. 75.  The SAC lists nine defendants: (1) Rob Bonta, California Attorney General; (2) Jeff Macomber, CDCR Secretary; (3) Kathleen Alison, Former CDCR Secretary; (4) Ralph Diaz, Former CDCR Secretary; (5) Bill Knipp, Former Warden, MCSP; (6) Patrick Covello, Former Warden, MCSP; (7) Joe Lizzarraga, Former Warden, MCSP; (8) Jane and John Does, Office of Fiscal Service, CDCR; and (9) Jane and John Does, Budget Management Branch Department of CDCR.  ECF No. 75 at 1.  Of the new defendants, Alison and Covello were previously dismissed from this action.  ECF No. 27.  Plaintiff claims that the court dismissed these defendants based on "fraudulent information [provided] by the Attorney's [sic] General's Office."  ECF No. 74 at 2.

The SAC, which is comprised of 36 handwritten pages and more than 50 pages of exhibits, alleges two violations: (1) Eighth Amendment Conditions of Confinement; and (2) Denial of Clean Drinking Water, Cal. Health & Safety Code § 25249.5.  Id. at 2.  The beginning of the SAC tracks the same allegations of the operative FAC, describing defendant Lizzarraga's alleged role in allowing harmful chemicals to enter the prison's water supply and plaintiff's resulting injuries since 2016-17 (diarrhea, skin rashes, headaches, tremors, etc.).  Id. at 2-5.  The rest of the SAC describes various lawsuits, settlements, and government and media reports regarding water contamination in the facility.  Id. at 6-33.  By way of relief, plaintiff seeks an adequate filtration system for MCSP, $2.7 million in monetary damages, and $1.7 million in

punitive damages.  Id. at 35.  The exhibits to the SAC include the aforementioned reports (id. at 41-78), declarations from plaintiff and other incarcerated persons about their health issues allegedly stemming from water contamination (id. at 37-40, 79-89), and a letters to federal officials regarding the same (ECF No. 75-1).

### B.  Defendant's Opposition

Defendant Lizzarraga opposes plaintiff's motion to file an amended complaint on several grounds.  First, defendant urges the court to strike the SAC for failure to obtain leave of the court to amend his complaint.  ECF No. 79 at 2.  Second, defendant argues the motion is untimely because plaintiff waited four years to amend, and permitting the amendment would create undue delay in the case.  Id. at 3.  Third, defendant argues amendment would cause significant prejudice.  Defendant is prepared to file a dispositive motion, but would potentially have to depose plaintiff again and propound additional discovery based on any new claims that are screened in.  Finally, defendant claims that plaintiff's motion is a frivolous attempt to re-name defendants and seek reconsideration of this court's screening order.  Id. at 5.

### C.  Plaintiff's Reply

Plaintiff filed a reply brief on February 17, 2026, arguing that his SAC provides "state law . . . and defendants['] own rules, policy, and operational procedures" that establish their liability for the water contamination.  ECF No. 80.  He further confirms that he identified the proposed defendants' roles based on the "chain of approvals/appropriations/requests" regarding water-related work at MCSP.  Id. at 1.  He again asserts that any delay is the fault of the Office of the Attorney General, which possesses evidence of MCSP's health violations.  Id. at 2-3.

## II.    Legal Standard

At this phase of the case, Federal Rule of Civil Procedure 15(a)(2) requires opposing party's written consent or the court's leave to amend the Complaint.  See Fed. R. Civ. P. 15(a)(2).  Rule 15(a)(2) instructs that "[t]he court should freely give leave [to amend] when justice so requires."  Id.  Courts within the Ninth Circuit interpret and apply Rule 15(a)'s policy with "extreme liberality," Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003), especially when the plaintiff is pro se and lacks the experience and guidance of counsel to

avoid pleading errors.  Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).  However, "[a]mending a complaint to add a party poses an especially acute threat of prejudice to the entering party."  DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987).  As a result, "[a]mendments seeking to add claims are to be granted more freely than amendments adding parties."  Union Pac. R.R. Co. v. Nevada Power Co., 950 F.2d 1429, 1432 (9th Cir. 1991).

In making such determination, courts consider the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party.  Sharkey v. O'Neal, 778 F.3d 767, 774 (9th Cir. 2015) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).  "[T]he consideration of prejudice to the opposing party carries the greatest weight."  Eminence Capital, LLC, 316 F.3d at 1052.  The party opposing leave to amend bears the burden of showing prejudice.  Clarke v. Upton, 703 F. Supp. 2d 1037, 1041 (E.D. Cal. 2010) (citation omitted).

**III.    Discussion**

Before addressing the relevant factors, the undersigned rejects plaintiff's baseless assertion that defendants Alison and Covello were previously dismissed from this action based on fraudulent information provided by the Office of the Attorney General.  Magistrate Judge Barnes determined on screening—i.e., before the service on defendant or appearance of his counsel—that plaintiff's operative FAC stated an Eighth Amendment claim against defendant Lizzarraga only, ECF No. 22, and Judge Shubb adopted Judge Barnes' findings and recommendations that the remaining fourteen defendants be dismissed without prejudice, ECF No. 27.  In other words, defendant Lizzarraga is the sole defendant because of the allegations in plaintiff's FAC, not because of any actions taken by the Attorney General's Office.

Moreover, the undersigned agrees with defendant that plaintiff did not follow proper procedure in filing the SAC on the docket.  When, as here, the time to amend as a matter of course has expired, the party seeking leave to file an amended complaint must attach the proposed amendment as an exhibit to the moving papers seeking such leave.  Local Rule 137(c).  Only after the court grants the motion shall the party file and serve the document.  Id.  However, given plaintiff's pro se status, the undersigned excuses his noncompliance with the local rule and will rule on the motion to amend.

4

Turning to the Rule 15(a)(2) factors, the undersigned finds neither undue delay nor bad faith. Plaintiff filed his motion before the close of discovery, and the four-year period between his complaints is less the result of any delay on plaintiff's part and more a product of the multiple orders needed to resolve defendant's motion to dismiss, an ADR stay, and the general congestion in this judicial district. See DCD Programs, 833 F.2d at 188 (finding "no unjust delay" where the case was "still at the discovery stage with no trial date pending . . ..").

However, amendment here would be futile. As defendant notes, the undersigned must issue a screening order on the amended complaint. Rios v. Dragon, No. 2:20-cv-0146 ADA HBK PC, 2022 WL 11324595, at *2 (E.D. Cal. Oct. 19, 2022). Even a cursory review of the proposed SAC shows that none of the proposed new defendants appear outside of the caption and party list. ECF No. 75 at 1-2. In a section at the end of the SAC, plaintiff alleges that "[a]ll named defendants . . . have a causal link" to the alleged violations based on CDCR's chain of custody. See ECF No. 75 at 28-33. In his reply, plaintiff affirms he named defendants based solely on their positions and role in the approval/appropriation process. ECF No. 80 at 1. Such "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient" to survive screening. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted). Moreover, plaintiff's prolific recitations of case law, state health codes, operational manuals, and past civil fines are legal conclusions devoid of factual detail. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). In sum, because the SAC would not survive screening, granting leave to amend would be futile. See Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998) (leave to amend not required "where the amended complaint would also be subject to dismissal").

Finally, the undersigned agrees that allowing plaintiff to amend would delay defendant Lizzarraga's ability to file a dispositive motion and impose significant additional costs, especially given the sheer number of new defendants plaintiff seeks to add. Plaintiff's conspiracy-like, "chain of custody" arguments also raise the potential that plaintiff will seek to change the nature of his Eighth Amendment claim, further frustrating defendant's efforts to resolve this case. See Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (holding district court did not abuse its discretion in denying leave to amend to add a "tenuous" claim that would

5

pose a "radical shift" in the nature of the case that "would have required defendants to have undertaken . . . an entirely new course of defense").  Accordingly, because amendment would be futile and significantly prejudice defendant Lizzarraga, the undersigned recommends plaintiff's motion to amend be denied and the SAC be stricken from the Docket.

While the SAC should be stricken, plaintiff is advised that he may resubmit its sworn declarations and other evidence as evidence in a motion for summary judgment against defendant Lizzarraga, or as evidence in opposition to the summary-judgment motion Lizzarraga intends to file, as consistent with Federal Rule of Civil Procedure 56 and Local Rule 260.  Plaintiff is further reminded that the deadline to file a summary-judgment motion is **April 26, 2026.**  ECF No. 70.

**PLAINTIFF'S AFFIRMATIVE DEFENSE MOTION**

**I.      The Parties' Arguments**

Plaintiff's affirmative defense motion, styled as an "unclean hands motion," ECF No. 73, is a companion to this motion to amend and appears to challenge conduct by the Attorney General's Office and MCSP officials.[1]  Plaintiff alleges their unclean hands warrant judgment in his favor and daily fines for two reasons: (1) Defendant's counsel and the rest of the Attorney General's Office did not inform the court that several other individuals, including Attorney Generals Bonta and Beccera, as well as previously dismissed defendant Covello, are liable for the water-related conditions violations alleged in the FAC, ECF No. 73 at 2-3; and (2) Defendant's discovery requests seek information from plaintiff (e.g., "How do you know the water is contaminated?," id. at 9) that is in the possession of the Attorney General's office.  To support the latter argument, plaintiff lists several settlements and penalties related to environmental violations at MCSP that plaintiff states are a matter of public record.  ECF No. 73 at 4-7.

/////

/////

---

[1]  Plaintiff's first-filed affirmative defense motion (ECF No. 72) is identical to the second but unsigned.  Because unsigned documents cannot be considered by the Court, the undersigned recommends the earlier motion be stricken on that ground.  See Federal Rule of Civil Procedure 11(a) ("Every . . . written motion. . . must be signed by . . . a party personally if the party is unrepresented."); Local Rule 131(b) ("All pleadings and non-evidentiary documents shall be signed by . . . the party involved if that party is appearing in propria persona.").

Defendant Lizzarraga opposes the motion on three grounds.  ECF No. 78.  First, defendant argues that plaintiff's motion seeks relief from non-defendants in this matter.  Second, plaintiff's motion does not adequately allege bad faith by defendant.  Third, plaintiff has not properly amended his complaint to include new allegations or new Defendants in this matter.  Id. at 1. Defendant also opposes Plaintiff's motion to the extent it improperly attempts to include new allegations against Defendant.  Id.

**II.    Discussion**

Based on the motion's title and caption's reference to Cal. Code Civ. Proc. § 431.30(b)(2), a state law provision governing the content and structure of a defendant's answer in California civil lawsuits, the undersigned liberally construes the motion as attempting to seek relief under the doctrine of unclean hands.  See ECF No. 72 at 1.  While traditionally a defense to an action for equitable relief, "[t]he doctrine of unclean hands also can bar a defendant from asserting an equitable defense."  Seller Agency Council, Inc. v. Kennedy Ctr. for Real Est. Educ., Inc., 621 F.3d 981, 986 (9th Cir. 2010) (citing Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 841–42 (9th Cir. 2002)).

Plaintiff's motion, however, does not identify an affirmative defense that he seeks to bar. Instead, it tries to impose liability on officials who are not parties to this action based on vague references to past settlements and other inadmissible evidence.  A district judge "may not attempt to determine the rights of persons not before the court."  Zepeda v. INS, 753 F.2d 719, 727 (9th Cir. 1983).  On this ground alone, the undersigned recommends the motion be denied.

To the extent plaintiff asserts defendant's counsel has unclean hands for not alerting the court to the liability of other potential defendants like Attorney Generals Bonta and Beccera and former defendant Covello, his claim is without merit.  When the identity of a party is not known prior to the filing of a complaint, the plaintiff—not the defendant—is responsible for gathering information in discovery and seeking leave to amend the operative complaint and add new parties.  See generally Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).  Plaintiff has attempted to amend here and, as discussed above, has failed to offer anything more than thin and conclusory allegations regarding the liability of these particular officials.

Plaintiff's allegations of bad-faith discovery tactics by the Attorney General's Office counsel are also meritless.  A party may seek discovery regarding any nonprivileged matter that is relevant to plaintiff's Eighth Amendment claim, including why plaintiff believes the water at MCSP is contaminated.  Fed. R. Civ. Pro. 26(b)(1); see also Fed. R. Civ. P. 33(a)(2) ("An interrogatory may relate to any matter that may be inquired into under Rule 26(b).").  Accordingly, the undersigned recommends that plaintiff's affirmative defense motion, styled as an "unclean hands motion," ECF No. 73, be denied.

## DEFENDANT'S AMENDED MOTION TO COMPEL

### I.        Parties' Arguments

Defendant filed an amended motion to compel on January 23, 2026.  He seeks an order compelling plaintiff to provide full responses to his interrogatories and requests for production of documents ("RFPs").  Defendant claims that plaintiff has failed to serve any written responses to his interrogatories and served only partial responses to defendant's RFPs even after two meet and confer phone calls arranged by defendant.[2]  Plaintiff did not timely respond to the motion.

On September 24, 2025, defendant served plaintiff four RFPs regarding plaintiff's injuries and knowledge of the alleged water contamination at MCSP, ECF No. 77 at 10-14 (Exh. A), and six interrogatories along the same lines of inquiry, id. at 15-20 (Exh. B).  Per the DSO, responses were due by November 11, 2025.  ECF No. 77 at 8 (Zhang Decl. ¶¶ 3-4).  After the deadline passed, defendant's counsel scheduled a telephonic meet and confer where plaintiff told her that he did not receive the requests until November 7, 2025, but was willing to serve responses.  Defendant's counsel then sought and received from the court an extension of the discovery cut-off to January 24, 2026.  Id. (Zhang Decl. ¶¶ 5-6.)  After not receiving a response by December 29, 2025, defendant's counsel scheduled a second telephonic meet and confer where plaintiff said he would send the responses by the end of the day.  On January 16, 2026, plaintiff served on /////

---

[2]  Plaintiff's allegedly partial response to defendant's RFPs prompted defendant to amend the original motion to compel.  Defendant's counsel received the response after filing the original motion to compel on January 22, 2026.  ECF No. 77 at 9 (Zhang Decl. ¶ 8).

defendant's counsel written discovery requests and a collection of documents that defendant's counsel construes as a partial response to the RFPs.[3] Id. at 8-9 (Zhang Decl. ¶¶ 7-8).

Defendant argues that plaintiff's failure to serve any responses to his interrogatories after confirming receipt on November 7, 2025, violates Federal Rule of Civil Procedure 33. ECF No. 77 at 5. Defendant further asserts that plaintiff failed to include written responses to defendant's RFPs that plaintiff served late on January 16, 2026, and failed to specify which documents are responsive to which RFP in violation of Rule 34. Id. at 5-6. Defendant seeks an order compelling plaintiff to serve complete and non-evasive responses to his interrogators and RFPs.

## II.    Legal Standard

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). Such motion may be made if "a party fails to produce documents or fails to respond that inspection will be permitted – or fails to permit inspection – as required under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

The party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808 MJS PC, 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646 AWI SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v.

/////

---

[3] The response includes the same exhibits attached to plaintiff's proposed SAC. ECF No. 75.

9

Ochoa, No. 07-cv-200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (citations omitted).

### III.    Discussion

The undersigned will grant defendant's amended motion to compel and award the requested relief.  It is undisputed that plaintiff has not responded to the interrogatories in violation of Rule 33 and the DSO, despite defendant's counsel's meet and confer efforts.  Plaintiff's refusal to respond is evident from the baseless objections against the form and content of interrogatories that he levied in the affirmative defense motions, as discussed above.

Moreover, defendant has met his burden of establishing that plaintiff's RFP response failed to include the written response required by Rule 34.  Given the small volume of production, the undersigned does not believe plaintiff intended to evade discovery or hide information.  See Cmty. House, Inc. v. City of Boise, Idaho, No. CV 05-283-S-BLW, 2009 WL 1650463, at *2 (D. Idaho June 12, 2009) ("Rule 34 is generally designed to facilitate discovery of relevant information by preventing 'attempts to hide a needle in a haystack by mingling responsive documents with large numbers of nonresponsive documents.'") (quotation omitted).  Still, a supplemental, written response is warranted indicating whether plaintiff's response is complete or, if not, clarifying that plaintiff is withholding documents and explaining the basis of the objection.  Fed. R. Civ. P. 34(b)(2).

Accordingly, defendant's amended motion to compel is granted.  Within 21 days of the date of this order, plaintiff shall serve (1) written responses to defendant's interrogatories, set one; and (2) a supplemental response to defendants RFPs indicating whether his production served on January 16, 2026, was complete or, if not, clarify that items were withheld and explain the basis of any objection that led him to withhold items.

### CONCLUSION

Accordingly, IT IS HEREBY ORDERED THAT:

1.    Defendant's original motion to compel (ECF No. 76), which was superseded by the amended motion to compel (ECF No. 77), is DENIED as moot; and

/////

2.      Defendant's amended motion to compel (ECF No. 77) is GRANTED.  Within **21 days of the date of this order**, plaintiff shall:

      a.   Serve written responses to the defendant's interrogatories, set one;

      b.   Serve a written, supplemental response to defendant's request for production, set one, explaining whether his production served on January 16, 2026, was complete or, if not, clarify that items were withheld and explain the basis of any objection that led him to withhold items.

In addition, IT IS HEREBY RECOMMENDED that:

1.      Plaintiff's unsigned affirmative defense motion (ECF No. 72) be STRICKEN pursuant to Federal Rule of Civil Procedure 11(a) and Local Rule 131(b);

2.      Plaintiff's affirmative defense motion (ECF No. 73) be denied; and

3.      Plaintiff's motion to amend (ECF No. 74) be denied and the second amended complaint (ECF No. 75) be STRICKEN.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 10, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

11